UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| First Freedom Art Company, LLC<br><br>                     *Plaintiff*,<br><br>- against –<br><br>John Doe 1, John Doe 2, and John Doe 3,<br><br>                     *Defendants*. | ECF CASE<br><br>No. 1:23-cv-9480<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Jury Demand Requested |

Plaintiff First Freedom Art Company, LLC ("Plaintiff"), by its attorneys, Mazzola Lindstrom LLP, as and for its Complaint against John Doe 1, John Doe 2, and John Doe 3 (collectively, "Defendants") for infringing Plaintiff's exclusive rights under the Copyright Act (17 U.S.C. § 101 *et seq.*), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff has brought this action to vindicate its rights in response to Defendants' unauthorized commercial exploitation via reproduction and distribution on the website Amazon.com of a painting titled *The Prayer At Valley Forge* ("Painting") authored by the late Arnold Friberg ("Artist").

2. Plaintiff is the exclusive owner of all intellectual property rights in and to the Painting, the copyrights to which have been registered by U.S. Copyright Office as outlined below and offers reproductions of the Painting and other works by the Artist whose copyrights are owned by Plaintiff through its website.

3. Defendants are liable for copyright infringement in violation of the 17 U.S.C. § 101 *et seq.* (the "Copyright Act") because Defendants are, without authorization from the copyright

holder, reproducing, displaying, distributing, offering to sell, and, on information and belief, selling, unauthorized reproductions of the Painting.

4. Plaintiff seeks monetary damages pursuant to 17 U.S.C. § 504 and equitable relief, including, *inter alia*, an order preliminarily and permanently enjoining Defendants from reproducing, displaying, distributing, or otherwise exploiting the Painting anywhere or in any context pursuant to 17 U.S.C. § 502, and the impounding of any and all infringing articles pursuant to 17 U.S.C. § 503, to prevent further violations of Plaintiff's exclusive rights under the Copyright Act. Furthermore, because Defendants willfully and deliberately infringed upon Plaintiff's copyrighted works, Plaintiff also seeks attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## PARTIES AND JURISDICTION

5. Plaintiff First Freedom Art Company, LLC is a limited liability company organized and existing under the laws of Delaware and is the holder of all copyrights in and to the Painting.

6. Defendants are individuals and/or business entities who, on information and belief reside mainly in the People's Republic of China.

7. On information and belief Defendants are merchants which utilize Amazon.com, Inc. ("Amazon") a Washington corporation with a principal place of business at 410 Terry Avenue North, Seattle, WA 98109 which does business in this judicial district.

8. Plaintiff can currently only identify Defendant John Doe 1 by the email address used in connection with their communications with Amazon, *i.e.*, zhengruichao6688@163.com, because the name and address information provided by John Doe 1 in their DMCA Counter-Notice does not appear to be valid, however, Defendant John Doe 1's name and address can be provided by Amazon and/or Defendant John Doe 1's internet service provider.

9. Plaintiff can currently only identify Defendant John Doe 2 by the email address used in connection with their communications with Amazon, *i.e.*, linhuihuang644@163.com, because the name and address information provided by John Doe 2 in their DMCA Counter-Notice does not appear to be valid, however, Defendant John Doe 2's name and address can be provided by Amazon and/or Defendant John Doe 2's internet service provider.

10. Plaintiff can currently only identify Defendant John Doe 3 by the email address used in connection with their communications with Amazon, *i.e.*, pengxiuai6721@163.com, because the name and address information provided by John Doe 3 in their DMCA Counter-Notice does not appear to be valid, however, Defendant John Doe 3's name and address can be provided by Amazon and/or Defendant John Doe 3's internet service provider.

11. On information and belief, the Court has personal jurisdiction over the Defendants pursuant to CPLR § 302(a)(1) or in the alternative, FED. R. CIV. P. 4(k), because each Defendant transacts or solicits business within this jurisdiction through accounts with the online marketplace platform Amazon and each Defendant has consented to the jurisdiction of any judicial district where Amazon can be found, as set forth in the counter notices Defendants submitted to Amazon pursuant to 17 U.S.C. § 512 (g)(3) and which are attached hereto as **Exhibit A** ("DMCA Counter-Notices").

*12.* Pursuant to the DMCA Counter-Notices, Defendants do not dispute service of process as set forth in the DMCA Counter-Notices.

13. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 (copyright infringement), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights).

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

4882-4191-2459, v. 1

## FACTS

15. Plaintiff is the exclusive owner of all intellectual property rights in and to the Painting.

16. The Painting is registered with the U.S. Copyright Office with Registration Nos. VA0000759641, GP0000085644, and RE0000862291 (collectively the "Copyrights").

17. Pursuant to a written purchase and assignment agreement, Plaintiff obtained and now owns all intellectual property rights in and to the Painting as well as other works by the Artist, including all exclusive copyrights and the exclusive right to issue licenses.

18. Plaintiff has identified multiple marketplace listings on Amazon's platform, including Defendants' merchant storefronts, which were offering for sale counterfeit copies of the Painting to consumers in this judicial district and throughout the United States.

19. Defendants reproduced, displayed, distributed, offered for sale, and, on information and belief, sold, unauthorized copies of Plaintiff's copyright-protected Painting on the online marketplace platform Amazon.

20. Plaintiff has not licensed or authorized Defendants to use the Painting in connection with the reproduction, display, distribution, offering for sale, or sale of reproductions of the Painting over the Internet or in any other context.

21. On October 4, 2023, Plaintiff's authorized representative sent Defendants, via Amazon, notices pursuant to 17 U.S.C. § 512(a) ("DMCA Notices") requesting that Defendants immediately cease and desist from any and all infringement of the Painting and that Amazon remove the infringing content from its platform.

22. Pursuant to 17 U.S.C. § 512(d), Amazon removed the infringing content from its platform.

23. Pursuant to 17 U.S.C. § 512(g), Defendants submitted the DMCA Counter-Notices on October 16, 2023, claiming that the alleged infringing material was removed or disabled as a result of a mistake or misidentification of the material.

24. By allowing Defendants to profit from the unauthorized reproduction and distribution of the Painting, Plaintiff has suffered damages caused by Defendants' interference with Plaintiff's exclusive rights, including but not limited to, diminution of the value of its copyright and lost sales from Plaintiff's own website which sells authorized reproductions of the Painting.

25. Defendants' unlawful actions have caused Plaintiff immediate and irreparable harm. Unless enjoined, Defendants' illegal actions will continue.

## FIRST CAUSE OF ACTION

### Copyright Infringement

26. Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

27. Plaintiff owns all of the Copyrights in and to the Painting.

28. Defendants have copied, reproduced, displayed, offered to sell, sold, and distributed infringing reproductions of the Painting, which is identical, and therefore strikingly and substantially similar to, the Painting.

29. Defendants did not obtain Plaintiff's authorization to copy, reproduce, display, sell, or distribute reproductions of the Painting.

30. Defendants' unauthorized copying, reproduction, display, and distribution of the Painting are infringements of Plaintiff's exclusive rights in violation of the Copyright Act.

4882-4191-2459, v. 1

31. Defendants' acts of infringement are willful, in disregard of and with indifference to Plaintiff's rights.

32. As a result of the foregoing, Defendants violated the Plaintiff's exclusive right to reproduce the Painting in copies, in violation of 17 U.S.C. §§ 106(1) and 501.

33. As a result of the foregoing, Defendants violated the Plaintiff's exclusive right to distribute copies of the Painting in copies, in violation of 17 U.S.C. §§ 106(3) and 501.

34. As a result of the foregoing, Defendants violated the Plaintiff's exclusive right to display the Painting, in violation of 17 U.S.C. §§ 106(5) and 501.

35. The aforementioned acts by Defendants have caused Plaintiff to suffer both monetary damages as well as irreparable harm and, if not enjoined, will continue to damage Plaintiff and continue to cause irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is thus entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C § 502 prohibiting Defendants from infringing Plaintiff's Copyrights, including but not limited to, an injunction prohibiting Defendants from (a) imitating, copying, or making any unauthorized use of the Painting in any manner and on any platform or in any other context, and from publishing, distributing, selling, marketing, building, or otherwise disposing of any copies of the Painting, and from making any derivative works from the Painting; and (b) reproducing manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying the Painting.

36. The actions of Defendants have been willful and deliberate, after having been on notice of the Plaintiff's DMCA order and Plaintiff's copyrights, and justify an award of attorneys' fees and costs to Plaintiff pursuant to 17 U.S.C § 505.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court:

a) enter a judgment that Defendants have infringed upon Plaintiff's copyrights in and to the Painting;

b) preliminarily and permanently enjoin Defendants, their officers, directors, agents, partners, employees, and related companies and all persons acting for, with, by, through, or under them, from further infringement of Plaintiff's copyrights in and to the Painting, including further reproduction, display, distribution, and/or offer for sale of infringing copies of the Painting on Amazon, on any other online platform, or in any other location or venue;

c) order the impounding of any and all infringing articles in Defendants' possession or control pursuant to 17 U.S.C. § 503;

d) order that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of their unlawful conduct herein alleged or statutory damages as Plaintiff elects at any time before final judgment is rendered pursuant to 17 U.S.C. § 504;

e) order that Amazon disable and cease providing services for any account maintained, operated, or controlled by Defendants and to take all steps necessary to prevent links to Defendants' accounts or domains from displaying in search results, including, but not limited to, removing such links from any search index under Amazon's maintenance, operation, or control;

f) direct Defendants to pay Plaintiff's costs of this lawsuit and its reasonable attorneys' fees allowable by the Court under 17 U.S.C. §505; and

g) grant Plaintiff other, further, and/or different relief as to the Court may seem just and proper.

**JURY TRIAL DEMANDED**

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury for all issues so triable.

Dated: October 27, 2023
      New York, New York

Respectfully submitted,

MAZZOLA LINDSTROM LLP

By: */s/ Aimée Scala*
Aimée Scala
Hanoch Sheps
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
Tel. 917-913-8763
aimee@mazzolalindstrom.com
hanoch@mazzolalindstrom.com

*Attorneys for Plaintiff*
*First Freedom Art Company, LLC*